### UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

**A.K., a Minor by and through his Parents,**
**Guardians and Next Friends,**
**TIMOTHY KOCHER,**
**TERESA D. KOCHER, and**
**TIMOTHY KOCHER,**
**TERESA D. KOCHER, Individually,**

        **Plaintiffs,**

        **v.**                  **No. 1:18-cv-00493**

**DURHAM SCHOOL SERVICES, L.P.,**

        **Defendant.**

## MOTION TO QUASH SUBPOENAS TO MATTHEW ASHLEY AND DAVID DUKE

      **COMES NOW,** Durham School Services, L.P. ("Durham"), Matthew Ashley and David Duke (collectively referred to as the "Durham parties"), pursuant to Rule 45 of the Federal Rules of Civil Procedure, and respectfully moves this Court to quash the subpoenas issued to Matthew Ashley and David Duke. In support of their motion, the Durham parties would state as follows:

### INTRODUCTION

      During the 2014-15 school year, Plaintiff A.K. attended Appling Middle School in Bartlett, Shelby County, Tennessee. At all relevant times, A.K. rode Durham school bus number 133 to school each morning on every school day from his bus stop at or near the intersection of Altruria Road and Carriage Glen Drive in Bartlett, Tennessee.

      On the morning of October 23, 2014, A.K. was late to his bus stop and missed his bus. After realizing that he missed his bus, A.K. returned home and his father, Plaintiff Timothy

1

Kocher, was still at home. A.K., upon information and belief, asked for and received permission from his father to ride his bicycle to school. While riding his bicycle to school, A.K. was struck and injured by a truck driven by Laura Bearden at or near the intersection of Silver Hill Drive and St. Elmo Road in Bartlett, Tennessee.

In September 2015, Plaintiffs filed a lawsuit against Durham as a result of the accident in the Shelby County Tennessee Circuit Court. Durham removed the case to the United States District Court for the Western District of Tennessee.[1] The matter is currently scheduled for a jury trial on January 29, 2018.

On January 15, 2018, Plaintiffs issued subpoenas to Mr. Ashley and Mr. Duke. The subpoenas require Mr. Ashley and Mr. Duke to appear for depositions on January 23, 2018 beginning at 10:00 a.m. at 2601 Navistar Drive, Lisle, Illinois 60532.[2] The subpoenas also require Mr. Ashley and Mr. Duke to bring to their respective depositions documents specifying the profit and loss of Durham and National Express LLC for fiscal years 2014 and 2015. Mr. Ashley and Mr. Duke were not served with the subpoenas until January 18, 2018, which means they had approximately two business days to prepare for their depositions. Additionally, Plaintiffs failed to provide notice to Durham about the depositions as required by Rule 45 of the Federal Rules of Civil Procedure. The subpoenas also omitted the witness fees for Mr. Ashley and Mr. Duke.

**LAW AND ARGUMENT**

The subpoenas issued to Mr. Ashley and Mr. Duke should be quashed because: (1) Plaintiffs did not allow a reasonable time for Mr. Ashley and Mr. Duke to comply, (2) Plaintiffs failed to provide Mr. Ashley and Mr. Duke with witness fees for their attendance at a deposition,

---

[1] Plaintiffs' Complaint and Durham's Notice of Removal is attached as Exhibit "1."
[2] The subpoenas issued to Mr. Ashley and Mr. Duke are attached as Exhibit "2."

and (3) Plaintiffs failed to provide notice to Durham that they would be serving Mr. Ashley and Mr. Duke with subpoenas.

Rule 45(d)(3) of the Federal Rules of Civil Procedure provides that "[o]n timely motion, the court for the district where compliance is required must quash or modify a subpoena that: (i) fails to allow a reasonable time to comply."  Rule 45(b)(1) of the Federal Rules of Civil Procedure provides that "if the subpoena requires that person's attendance, [the party serving the subpoena must] tender[] the fees for 1 day's attendance and mileage allowed by law."  Additionally, Rule 45(a)(4) provides:

> If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then before it is served on the person to whom it is directed, a notice and a copy of the subpoena must be served on each party.

Plaintiffs have violated each of the above-cited provisions in issuing and serving the subpoenas on Mr. Ashley and Mr. Duke.  First, Plaintiffs have not allowed a reasonable time for Mr. Ashley and Mr. Duke to comply with the subpoenas.  Plaintiffs served Mr. Ashley and Mr. Duke with the subpoenas on January 18, 2018 with the expectation that they comply with the subpoenas by January 23, 2018.  That is not reasonable time for Mr. Ashley and Mr. Duke to prepare for their depositions and gather the requested information in advance of their depositions. *See Bartz v. Wal-Mart Stores, Inc.*, 2015 WL 1968837, at *2 (C.D. Ill. May 1, 2015) (finding that a subpoena that allowed 15 days for a party to produce documents did not allow sufficient time to comply with the subpoena).  Importantly, this case has been pending in the Western District of Tennessee for more than two years and Plaintiffs could have taken the depositions of Mr. Ashley and Mr. Duke at any point in time during the discovery period or requested the financial information that they now seek on the eve of trial.

3

Second, the Plaintiffs failed to include witness fees for Mr. Ashley's and Mr. Duke's attendance at their respective depositions. *See Bartz*, 2015 WL 1968837, at *2 (C.D. Ill. May 1, 2015) ("A party must include payment of a witness fee with a subpoena if the subpoena requires a person's attendance.").

Third, Plaintiffs failed to comply with Rule 45(a)(4) of the Federal Rules of Civil Procedure because they did not provide Durham with notice and copies of the subpoenas served on Mr. Ashley and Mr. Duke, which said subpoenas require Mr. Ashley and Mr. Duke to produce documents at their respective depositions. The subpoenas should be quashed for lack of notice to Durham. *See Deuss v. Siso*, 2014 WL 4275715, at *11 (N.D. Cal. Aug. 29, 2014) (quashing a subpoena for failure to give opposing party prior notice under Rule 45(a)(4)).

## <u>CONCLUSION</u>

For the foregoing reasons, the Court should quash the subpoenas served on Matthew Ashley and David Duke.

Respectfully submitted,

*/s/ Patricia Brown Holmes*
Patricia Brown Holmes
Valarie Hays
Eli J. Litoff
Valerie Brummel
RILEY SAFER HOLMES & CANCILA LLP
Three First National Plaza
70 W. Madison Street, Suite 2900
Chicago, IL 60602
312-471-8700
pholmes@rshc-law.com
vhays@rshc-law.com
elitoff@rshc-law.com
vbrummel@rshc-law.com

*Attorneys for Durham School Services, L.P.*

4

## **CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing has been served upon the following via U.S. Mail and electronic mail, on this the 22nd day of January, 2018.

Timothy Holton
John R. Holton
The Holton Law Firm, PLLC
296 Washington Avenue
Memphis, Tennessee 38103
tholton@holtonlaw.com
jholton@holtonlaw.com

John I. Houseal, Jr.
Andre B. Mathis
Glankler Brown, PLLC
6000 Poplar Avenue, Suite 400
Memphis, Tennessee 38119
jhouseal@glankler.com
amathis@glankler.com

*/s/ Valarie Hays*