# Exhibit 1

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
### WESTERN DIVISION

**A.K., A Minor by and through his Parents,**
**Guardians and Next Friends,**
**TIMOTHY KOCHER,**
**TERESA D. KOCHER, and**
**TIMOTHY KOCHER,**
**TERESA D. KOCHER, Individually**

    **Plaintiff,**

vs.

    No.:_____

    **JURY DEMANDED**

**DURHAM SCHOOL SERVICES, L.P.,**

    **Defendant.**

---

## NOTICE OF REMOVAL

**COMES NOW** Defendant, Durham School Services, L.P. ("Durham"), pursuant to 28 U.S.C. § 1441 *et seq.*, and removes the action styled *A.K. v. Durham School Services, L.P.*, originally filed in the Circuit Court for the State of Tennessee, Thirtieth Judicial District, Shelby County, Docket No. CT-003973-15, to the United States District Court for the Western District of Tennessee, Western Division, and states as follows:

1.     This action was commenced by Plaintiffs' filing of a Complaint in the Circuit Court of Shelby County, Tennessee on September 23, 2015. True and correct copies of the Summons and Complaint are attached as Exhibit "A."

2.     Plaintiffs, Tennessee residents, brought this action against Durham, a Delaware limited partnership with principal place of business in Illinois. *See* Exhibit "A" at ¶¶ 1-2.



3.      Durham received a copy of the Complaint on or about September 23, 2015. Accordingly, this Notice of Removal is filed timely pursuant to 28 U.S.C. § 1446(b).   To Durham's knowledge, no further proceedings have been filed in the Circuit Court of Shelby County, Tennessee.

4.      As more fully set out below, the State Court action is properly removable to this Court pursuant to 28 U.S.C. § 1441 because Durham has satisfied the procedural requirements for removal and because this Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332.

5.      Durham is the only named Defendant in this action.   Therefore, Durham need not obtain the consent of any unidentified party to remove this action.

## DIVERSITY JURISDICTION

6.      Plaintiffs are resident of the State of Tennessee.  *See* Exhibit A, ¶ 1.

7.      Durham is a Delaware limited partnership with its principal place of business in Illinois.  *See* Exhibit A, ¶ 2.

8.      This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, this being a civil action in which the amount in controversy exceeds the sum of $75,000, exclusive of costs and interest, and is between citizens of different states.   Plaintiffs have demanded compensatory damages in the amount of $5,000,000 and punitive damages in the amount of $9,000,000 in their Complaint.  *See* Exhibit "A" at p.7.

## ASSERTION AND RESERVATION OF DEFENSES

9.      Nothing in this Notice of Removal is or shall be interpreted as a waiver or relinquishment of any of Durham's rights to assert any defense or affirmative matter, which rights, defenses and affirmative matters Durham specifically reserves, including but not limited

to, the defenses of: (1) lack of jurisdiction over the person; (2) improper venue or for transfer of venue; (3) insufficiency of process; (4) insufficiency of service of process; (5) improper joinder of claims; (6) failure to state a claim; or (7) any other defense available under the Tennessee Rules of Civil Procedure, the Federal Rules of Civil Procedure, any state or federal statute, or otherwise.

### PROCEDURAL REQUIREMENTS

10.    This Notice of Removal has been filed within thirty (30) days of Durham's receipt of Plaintiffs' Complaint, in compliance with 28 U.S.C. § 1446(b).

11.    This action is a "civil action" within the meaning of the Acts of Congress relating to the removal causes.

12.    True and correct copies of all process (summons), pleadings and orders that have been served upon Durham in this action are attached hereto as Exhibit "A".

13.    Durham has sought no similar relief previously.

14.    Durham reserves the right to amend or supplement this Notice of Removal.

15.    This Notice of Removal has been contemporaneously served on Plaintiffs and filed with the Clerk of the Circuit Court of Shelby County, Tennessee.  A copy of Durham's Notice of Filing Notice of Removal is attached as Exhibit "B" and is incorporated by reference.

**WHEREFORE**, Durham School Services, L.P. respectfully removes this action, bearing Case No. CT-003973-15, from the Circuit Court of Shelby County, Tennessee to this Court, pursuant to 28 U.S.C. § 1441, *et seq.* and prays that this Court take jurisdiction over this action and issue all necessary orders and process to remove this action from the Circuit Court of Shelby County to the United States District Court for the Western District of Tennessee, Western Division.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By:   /s/ Andre B. Mathis
           John I. Houseal, Jr. (#8449)
           Andre B. Mathis (#26458)

6000 Poplar Avenue, Suite 400
Memphis, Tennessee  38119
Telephone:  (901) 525-1322
Facsimile:  (901) 525-2389
E-Mail:  jhouseal@glankler.com
          amathis@glankler.com

*Attorneys for Defendant Durham School Services, L.P.*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing has been served upon opposing counsel via U.S. Mail, postage prepaid on this 2nd day of October, 2015.

Timothy Holton
John R. Holton
The Holton Law Firm, PLLC
296 Washington Avenue
Memphis, Tennessee 38103

          /s/ Andre B. Mathis

4843-1176-9129, v. 1

ELECTRONICALLY FILED
2015 Sep 23 PM 2:08
CLERK OF COURT - CIRCUIT

# IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

A.K, a Minor by and Through his Parents,
Guardians and Next Friends, TIMOTHY
KOCHER and TERESA D. KOCHER, and
TIMOTHY KOCHER and TERESA D.
KOCHER, Individually,

        Plaintiffs,

    vs.

        No. CT003973-15 Div. III
        JURYDEMANDED

DURHAM SCHOOL SERVICES, L.P.

        Defendant.

## COMPLAINT

Come now Plaintiffs, Timothy Kocher and Teresa D. Kocher as Parents, Guardians and Next Friends of A.K., a minor and Timothy Kocher and Teresa D. Kocher, Individually, and for cause of action against Defendant, Durham Schools School Services, L.P., allege:

### JURISDICTION AND VENUE

1.    Plaintiffs, Timothy Kocher and Teresa D. Kocher, are adult citizens of Shelby County, Tennessee, and bring this action individually, and on behalf of



the minor Plaintiff, A.K. as parents, guardians and next friends. The minor Plaintiff, A.K. at all times herein pertinent resided with and/or was in the custody of the adult Plaintiffs herein.

2.      Defendant, Durham School Services, L.P., is a foreign corporation licensed and authorized to transact business in the State of Tennessee, whose principal place of business is 1431 Opus Place, Ste. 200, Downers Grove, IL 60515. The registered agent for service of process is CT Corporation System, 800 S. Gay Street, Suite 2021, Knoxville, TN 37929-9710.

5.      Plaintiffs specifically alleges that valid service of process has been issued and properly served upon Defendants herein. It is specifically alleged that all of the actions and inactions complained of herein occurred in Shelby County, Tennessee.

6.      Plaintiffs' causes of action arise in tort as a result of injuries and damages sustained due to the negligent operation of a school transportation business and in particular in the operation of the school bus assigned to transport the minor A.K.

<u>FACTS</u>

7.      In the fall of 2014, the Minor, A.K. was enrolled at Appling Middle School in Shelby County, Tennessee.

8.      The Defendant Durham School Services, LP was responsible,

2

directly and/or through its agents, servants and employees,   for providing bus services to students in Shelby County, Tennessee, including those attending Appling Middle School.

9.   The Minor, A.K. was assigned to ride the Defendant's school bus number 133 (Route 1A381G) from the corner of Altruria Road at Carriage Glen Drive to the Appling Middle School.   Defendant Durham by letter to the parents of Minor, A.K., advised that children riding the Defendant Durham's bus # 133 would be picked up at 6:35 a.m.  The bus stop location was a short distance from Plaintiffs' home.

10.   On the morning of October 23, 2014, Minor, A.K. left his home at 6:27 am to ride Defendant's bus #133 to Appling Middle School.   As the Minor, A.K. approached the bus stop at 6:29 am, (a full 6 minutes before the appointed departure time), the Defendant Durham's Bus #133 had already departed his bus stop and was pulling away from a subsequent stop further down the street.   The minor, A.K. ran after the bus, waving his arms in an effort to get the bus to stop. Unfortunately, the Defendant Durham Bus #133 did not stop but instead continued on down the street.

11.   Not wanting to miss school, Minor, A.K. ran back home and decided to take his bicycle to ride from his home to Appling Middle School.   It

3

was still dark at that hour of the morning, but because he had not planned on riding his bicycle to school that day, Minor, A.K. was not dressed in light colored clothing.

12.    The Minor Plaintiff, having been abandoned by Defendant without a way to school, proceeded to ride his bike to school in the early morning darkness. While crossing a street on his bicycle, the Minor Plaintiff was struck by a large truck which ran over the minor child, causing severe and permanent injuries to A.K.

13.    At all times pertinent herein, the Defendant was responsible either directly, or through its agents, and/or apparent agents, servants, or employees, for providing safe, timely and dependable bus transportation services to the Plaintiffs.

14.    In leaving the bus stop that morning well before the appointed 6:35 departure time, the Defendant, through its agents, servants and/or employees, abandoned the minor A.K., who was dependent on Defendant Durham for safe transportation to school.

15.    That when a bus company such as Durham abandons a child as it did in this instance,  it was reasonably foreseeable that the child would seek an alternative way to school.   As such, the Defendant Durham, knew, or should have known of the dangers it created by abandoning A.K. on the morning of October 23, 2014.

16. The Defendant Durham knew, or should have known that the driver of Bus #133 was inconsistent in when it departed the assigned bus pick up locations, resulting in children being abandoned at appointed bus stops.

17. As a result of the actions and inactions of the Defendant, directly and indirectly, through its agents, servants and/or employees, the Plaintiffs were caused to suffer severe, painful and life altering injuries and damages proximately caused by the negligence of the Defendant, as set forth hereinafter.

## ACTS OF NEGLIGENCE

18. The Defendant is guilty of one or more of the following acts of negligence, each and every act being a direct and proximate cause of the injuries and damages to Plaintiffs:

 a. Negligently and carelessly failing to exercise that degree of care and caution as required of a reasonable, prudent school bus operator under the same or similar circumstances;

 b. Negligently and carelessly failing to properly train employees who were charged with the transport of students such as A.K.;

 c. Negligently and carelessly failing to properly determine that the bus assigned to pick up A.K. was timely arriving and departing each designated school bus stop;

 d. Negligently and carelessly failing to supervise their agents,

5

servants and/or employees who were assigned to drive school buses including the bus assigned to pick up A.K.;

e.  Abandoning the minor A.K., in circumstances where the injuries and damages sustained by the minor were both foreseeable and with proper care, preventable.

f.  Negligently acting with less than, or failing to act with ordinary and reasonable care under the circumstances existent.

g.  Failing to direct its agents, servant and or employees to not depart assigned bus stops before the stated departure times.

18.    The Plaintiffs specifically allege and aver that there are no other persons or entities, other than the Defendant, who are responsible, either directly or indirectly, for the injuries and damages to Plaintiffs herein.

<u>INJURIES AND DAMAGES</u>

19.    Plaintiffs hereby allege that they were caused to suffer and incur the following injuries and damages as a direct and proximate result of one or more of the above acts of negligence, to-wit:

A. As to the Minor A.K.:

a.  Severe and permanent injury and scarring, including but not limited to, injury to the head, neck, back, extremities and the entire central nervous system and emotional system;

6

    b.   Great fright and shock;

    c.    Great physical pain both past and future;

    d.   Great mental and emotional anguish, both past and future;

    e.    Large medical expenses, both past and future;

    f.     Inability to enjoy the normal pleasures of life, both past and future

    g.   Loss of earning capacity

B. As to A.K.'s Parents, Timothy and Teresa Kocher:

    a.   Large medical expenses, lost wages and income past and future

    b.   Great fright, shock, mental and emotions anguish, past, present and future.

## RELIEF SOUGHT

WHEREFORE, premises considered, Plaintiffs respectfully demand judgment from and against the Defendant, Durham School Services, L.P., in the amount of $5,000,000.00 (Five Million Dollars) for compensatory damages and $9,000,000.00 (Nine Million Dollars) in punitive damages.

Plaintiffs further reserve the right to amend this pleading to conform to the facts as they may develop, for costs and interest, for all such other general relief justified by the facts under the law or in equity and respectfully request a trial by jury.

Respectfully submitted,

THE HOLTON LAW FIRM, PLLC

Timothy Holton (11832)
John R. Holton (27312)
296 Washington Avenue
Memphis, TN 38103
901-523-2222

**(CIRCUIT/CHANCERY) COURT OF TENNESSEE**
140 ADAMS AVENUE, MEMPHIS, TENNESSEE 38103
FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

ELECTRONICALLY FILED
2015 Sep 23 PM 2:08
CLERK OF COURT - CIRCUIT

## SUMMONS IN CIVIL ACTION

Docket No. **CT** _____

◉ Lawsuit
◯ Divorce

Ad Damnum $ _____

| | | |
|---|---|---|
| A.K, a Minor by and Through his Parents, Guardians and Next Friends, TIMOTHY KOCHER and TERESA D. KOCHER, and TIMOTHY KOCHER and TERESA D. KOCHER, Individually, | **VS** | Durham School Services, L.P. |
| Plaintiff(s) | | Defendant(s) |

TO: (Name and Address of Defendant (One defendant per summons))

| | Method of Service: |
|---|---|
| Durham School Services, L.P. Please serve Registered Agent: C.T. Corporation System 800 S. Gay Street, Ste. 2021 Knoxville, Tennessee 37929 | ◯ Certified Mail<br>◯ Shelby County Sheriff<br>◯ Commissioner of Insurance ($)<br>◯ Secretary of State ($)<br>◉ Other TN County Sheriff ($)<br>◯ Private Process Server<br>◯ Other |

($) Attach Required Fees

You are hereby summoned and required to defend a civil action by filing your answer with the Clerk of the Court and

serving a copy of your answer to the Complaint on **Holton Law Firm**      **Plaintiff's**

attorney, whose address is **296 Washington Avenue, Memphis, Tennessee 38103**

telephone **901-523-2222**     within THIRTY (30) DAYS after this summons has been served upon you, not including the day of service. If you fail to do so, a judgment by default may be taken against you for the relief demanded in the Complaint.

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master

TESTED AND ISSUED _____ By _____, D.C.

### TO THE DEFENDANT:

NOTICE: Pursuant to Chapter 919 of the Public Acts of 1980, you are hereby given the following notice:
Tennessee law provides a ten thousand dollar ($10,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the Clerk of the Court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed. These include items of necessary wearing apparel (clothing) for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

FOR AMERICANS WITH DISABILITIES ACT (ADA) ASSISTANCE ONLY, CALL (901) 222-2341

I, JIMMY MOORE / DONNA RUSSELL, Clerk of the Court, Shelby County, Tennessee, certify this to be a true and accurate copy as filed this

_____ 20___

JIMMY MOORE, Clerk / DONNA RUSSELL, Clerk and Master   By: _____, D.C.

## RETURN OF SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE** SERVED THE WITHIN SUMMONS:

By delivering on the _____ day of _____, 20_____ at _____ M. a copy of the summons

and a copy of the Complaint to the following Defendant _____

at _____

_____        By: _____

Signature of person accepting service                              Sheriff or other authorized person to serve process

## RETURN OF NON-SERVICE OF SUMMONS

I HEREBY CERTIFY THAT I **HAVE NOT** SERVED THE WITHIN SUMMONS:

To the named Defendant _____

because _____ is (are) not to be found in this County after diligent search and inquiry for the following

reason(s): _____

This _____ day of _____, 20_____.

By: _____

Sheriff or other authorized person to serve process



**The Shelby County, Tennessee Circuit Court**

| | |
|---|---|
| **Case Style:** | AK VS DURHAM SCHOOL SERVICES |
| **Case Number:** | CT-003973-15 |
| **Type:** | SUMMONS ISSD TO MISC |

Sharon Smith, DC

Electronically signed on 09/23/2015 02:25:47 PM

## IN THE CIRCUIT COURT OF SHELBY COUNTY, TENNESSEE
## FOR THE THIRTIETH JUDICIAL DISTRICT AT MEMPHIS

**A.K., A Minor by and through his Parents,**
**Guardians and Next Friends,**
**TIMOTHY KOCHER,**
**TERESA D. KOCHER, and**
**TIMOTHY KOCHER,**
**TERESA D. KOCHER, Individually**

     **Plaintiff,**

**vs.**                                    **No.:**  **CT-003973-15**
                                                    **Division III**

**DURHAM SCHOOL SERVICES, L.P.,**

     **Defendant.**

### NOTICE OF FILING NOTICE OF REMOVAL

     Defendant, Durham School Services, L.P., by and through undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, and without waiving any rights under any applicable law or agreement, hereby gives notice that it has removed the above-captioned case from this Court by filing a Notice of Removal with the Clerk of the United States District Court for the Western District of Tennessee, Western Division.  A copy of the Notice of Removal (and exhibits) is attached hereto as Exhibit "1."  Pursuant to 28 U.S.C. §1446(d), "the State court shall proceed no further unless and until the case is remanded."



EXHIBIT

B

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By:_____

     John I. Houseal, Jr. (#8449)
     Andre B. Mathis (#26458)

6000 Poplar Avenue, Suite 400
Memphis, Tennessee 38119
(901) 525-1322 Telephone
(901) 525-2389 Facsimile

*Attorneys for Durham School Services, L.P.*

## CERTIFICATE OF SERVICE

The undersigned does hereby certify that a copy of the foregoing has been served upon opposing counsel via U.S. Mail, postage prepaid this 2nd day of October, 2015.

Timothy Holton
John R. Holton
The Holton Law Firm, PLLC
296 Washington Avenue
Memphis, Tennessee 38103

_____

4834-0402-9993, v. 1

2

Case 2:15-cv-02663-JTF-dkv Document 1-3 Filed 10/02/15 Page 1 of 2 PageID 18

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| A.K., A Minor by and through his Parents, Guardians and Next Friends, Timothy Kocher, Teresa D. Kocher, and Timothy Kocher, Teresa D. Kocher, Individually | Durham School Services, L.P. |

**(b)** County of Residence of First Listed Plaintiff    Shelby

*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    DuPage County, Illinois

*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Timothy Holton, Esq. and John R. Holton, Esq., THE HOLTON LAW FIRM, PLLC, 296 Washington Avenue, Memphis, TN 38103; 901-523-2222

Attorneys *(If Known)*
John I. Houseal, Jr., Esq. and Andre B. Mathis, Esq., GLANKLER BROWN, PLLC, 6000 Poplar Avenue, Suite 400, Memphis, TN 38119; 901-525-1322

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1   U.S. Government   Plaintiff
- ☐ 3   Federal Question   *(U.S. Government Not a Party)*
- ☐ 2   U.S. Government   Defendant
- ☒ 4   Diversity   *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff*
*(For Diversity Cases Only)*     *and One Box for Defendant)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☒ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
Negligence related to automobile accident.

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $
5,000,000.00

CHECK YES only if demanded in complaint:

JURY DEMAND: ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*

JUDGE      DOCKET NUMBER

DATE
10/02/2015

SIGNATURE OF ATTORNEY OF RECORD
/s/ Andre B. Mathis

**FOR OFFICE USE ONLY**

RECEIPT #      AMOUNT      APPLYING IFP      JUDGE      MAG. JUDGE

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)**    **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

   **(b)**    **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

   **(c)**    **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.**    **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

**III.**    **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.**    **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerk(s) in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.**    **Origin.** Place an "X" in one of the six boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

**VI.**    **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

**VII.**    **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.**    **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.